UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| JAMES BESSARD, | Case No. 14-CV-2697 (MJD/SER) |
| Petitioner, | |
| v. | REPORT AND RECOMMENDATION |
| MARCIA CRONE, Judge; EARL HINES, Magistrate Judge; KEITH GIBLIN, Magistrate Judge; FNU JETT, Warden, UNITED STATES OF AMERICA; UNITED STATES GOVERNMENT; THE ILLUMINATI; and TRILATERAL COMMISSION - CFR, | |
| Respondents. | |

On November 3, 2004, Petitioner James Bessard was indicted in the United States District Court for the Eastern District of Texas on two counts of making threatening statements. *See United States v. Bessard*, No. 1:04-CR-00167-MAC-ZJH (E.D. Tex. filed Nov. 3, 2004). Bessard was found not guilty of the charges against him by reason of insanity and was returned to the custody of the State of Texas, where he was serving a sentence for a prior offense. A detainer was also lodged with the State of Texas for delivery of Bessard to a Federal Medical Center for a competency evaluation after the conclusion of his state sentence, so that the court could determine whether Bessard should remain civilly committed following his release from state custody. *See* 18 U.S.C. § 4243 (providing for civil commitment where a defendant is found not guilty only by reason of insanity); 18 U.S.C. § 4247.

Bessard eventually was released from state custody and a competency evaluation was conducted. At a hearing conducted after that competency evaluation, Bessard was found to

present a serious risk of bodily injury or property damage to others and was committed to the custody of the United States Attorney General. *See United States v. Bessard*, No. 1:04-CR-00167-MAC-ESH, ECF No. 49 (E.D. Tex. Nov. 3, 2008). Bessard is currently civilly committed at the Federal Medical Center in Rochester, Minnesota ("FMC-Rochester").

On June 6, 2014, Bessard filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 in the Eastern District of Texas. That court noted that a petitioner seeking relief under § 2241 must seek relief in the district in which he is located. *See Bessard v. Crone*, No. 1:14-CV-00298-TH-ZJH, ECF No. 1 (E.D. Tex. filed June 9, 2014). Accordingly, that court transferred Bessard's petition to this District. *See* 28 U.S.C. § 1631. This Court has conducted a preliminary review of Bessard's habeas petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1] Based on that review, this Court recommends dismissal of Bessard's petition.

Bessard's petition is, to say the least, difficult to follow. A good deal of the petition consists of photocopies of books or magazine articles inveighing against the Illuminati and the United Nations, none of which appears relevant to any possible claims under § 2241. The remainder consists of pages typewritten (this Court assumes) by Bessard about the CIA, the FBI, the assassination of President John F. Kennedy, and innumerable other topics.

That said, Bessard's petition can fairly be interpreted as raising two claims against his continuing civil detention at FMC-Rochester.[2] The first claim is that the civil commitment

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Although Bessard is seeking relief under 28 U.S.C. § 2241, the Rules Governing Section 2254 Cases nevertheless apply here. *See* Rule 1(b).

[2] To the extent that Bessard is contesting the conditions of his confinement, such a claim is not cognizable in a habeas petition. *See Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996).

procedure set forth in §§ 4243 & 4247 is *per se* unconstitutional, and that his civil commitment therefore has been illegal from the very beginning. This claim is squarely foreclosed by the case law of this circuit. *See Archuleta v. Hedrick*, 364 F.3d 644, 648 (8th Cir. 2004) (citing *Phelps v. United States*, 831 F.2d 897, 898 (9th Cir. 1987)). "The statutory procedure and substantive standard [of §§ 4243 & 4247] are clearly constitutional." *Id*.

The second claim relates to Bessard's *continuing* detention, regardless of whether his *initial* detention was legal. In other words, Bessard might be understood as claiming that even if the initial decision to detain him was lawful, there is no longer any lawful reason to continue detaining him. Habeas corpus, however, "is an extraordinary remedy typically available only when 'the petitioner has no other remedy.'" *Archuleta*, 365 F.3d at 648 (quoting *Taniguchi v. Schultz*, 303 F.3d 950, 955 (9th Cir. 2002)). The statutes under which Bessard was committed provide a procedure for a person in Bessard's situation to seek release from their detention. Specifically, "counsel for the person or his legal guardian may, at any time during such person's commitment, file with the court that ordered the commitment a motion for a hearing to determine whether the person should be discharged from such facility . . . ." 18 U.S.C. § 4247(h). This statutory remedy precludes habeas relief in this case.[3] *See Archuleta*, 365 F.3d at 648-49.

---

[3]The Eighth Circuit has, in similar circumstances, described as "permissible and appropriate" the transferring of a habeas petition to the district in which a motion under § 4247(h) must be brought. *See Archuleta*, 365 F.3d at 649. Nevertheless, this Court recommends dismissal, rather than transfer, of Bessard's habeas petition. Bessard originally filed his habeas petition in the Eastern District of Texas, and that court had discretion to consider Bessard's petition as a motion under § 4247(h). *Id*. It declined to do so, however. Moreover, it appears that Bessard is represented in his criminal proceedings; that his attorney and the court presiding over his criminal case have received regular updates as to Bessard's condition; and that nothing is currently precluding Bessard from bringing a motion under § 4247(h) in that district. *See generally United States v. Bessard*, No. 1:04-CR-00167-MAC-ZJH (E.D. Tex.).

Because it plainly appears from Bessard's petition that he is not entitled to relief, this Court recommends that the petition be dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT petitioner James Bessard's petition for a writ of habeas corpus [ECF No. 1] be DISMISSED pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

Dated:  September 4, 2014                              *s/Steven E Rau*
                                                                           Steven E. Rau
                                                                           U.S. Magistrate Judge

## NOTICE

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **September 19, 2014**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within fourteen days after service thereof.  All briefs filed under this rule shall be limited to 3500 words.  A district judge shall make a de novo determination of those portions of the Report to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Eighth Circuit Court of Appeals.